UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff(s),        **CASE NUMBER: 06-20185**
                                                **HONORABLE VICTORIA A. ROBERTS**

v.

**ROY CHRISTOPHER WEST,**
**MICHAEL ELDREN BRACEY,**
**ALSEDDRICK DEWUNN WEST,**

        Defendant(s).
_____/

## ORDER

      This matter is before the Court on Defendant Alseddrick Dewunn West's "Motion for Discovery of Unredacted Copies of Affidavits in Support of Order Authorizing Electronic Surveillance; for Discovery of Records of Surveillance Minimization, Such as Title III Line Sheets and Progress Reports; for Discovery of Orders and Supporting Documentation Authorizing Pen Register Surveillance; and for Discovery of Records of Pen Register Surveillance." (Doc. #149). Co-Defendants Roy Christopher West and Michael Eldren Bracey ("Bracey") concur in the motion.

      Defendants request an order compelling the Government to provide defense counsel:

(1)    unredacted copies of the three affidavits submitted to obtain Tracking Order No. 04US00096-P authorizing electronic wiretap surveillance of telephone number 313-215-5940.

(2)    copies of the Orders authorizing the pen register surveillance of telephone number 313-215-5940 and the supporting documents submitted by the Government to obtain such Orders.

1

    (3)    the records from the pen register surveillance of telephone number 313-215-5940.

Defendants also requested the Title III Line Sheets and Progress Reports that show the Government's efforts to minimize the intrusion of the electronic surveillance. In their Reply, Defendants concede that the Government provided that information during discovery.

Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

## II.   BACKGROUND

On November 4, 2005, the Government submitted an Application for authorization to intercept wire communications to and from telephone number 313-215-5940. The Government believed there was probable cause to believe Bracey, co-Defendant Alvino Dewight Cornelius ("Cornelius"), and others yet unknown have committed, are committing, and will commit offenses involving the importation, procurement, concealment, transportation, distribution and sale of narcotics, in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

The Affidavit submitted in support of the Application and used to establish probable cause and investigative necessity for the issuance of the wiretap authorization, contains a section called "Toll Record/Pen Register Analysis." This section says pen register surveillance was initiated on telephone number 313-215-5940 on September 21, 2005 pursuant to an Order signed on September 12, 2005. According to the Affidavit: (1) an analysis of toll records and pen register data revealed over 300 telephone contacts between the co-conspirators and telephone number 313-215-5940 from March 1, 2005 through October 17, 2005; (2) a review of the pen register and toll

record data from consensually recorded telephone calls between a confidential source and Cornelius verified that the confidential source contacted 313-215-5940; and (3) toll records and pen register data from 313-215-5940 show numerous contacts between that number and telephone numbers used by unindicted co-conspirators as well as telephone number 313-304-7959, used by Bracey.

It appears drugs, not the murder-for-hire conspiracy, was the focus of the wiretap investigation. However, it was during the drug investigation that the alleged murder-for-hire conspiracy became known.

The November 4, 2005 Affidavit incorporates by reference two affidavits authorizing the interception of telephone number 313-304-7959.

### III. APPLICABLE LAW AND ANALYSIS

#### A. Unredacted Copies of the November 4, 2005 Affidavit and the Two Affidavits Authorizing the Interception of Telephone Number 313-304-7959, which were Submitted to Obtain Tracking Order No. 04US00096-P Authorizing Electronic Wiretap Surveillance of Telephone Number 313-215-5940

During discovery, the Government provided Defendants redacted copies of the November 4, 2005 Affidavit and the affidavits authorizing the interception of telephone number 313-304-7959.

Defendants say they need unredacted copies of the three affidavits so they can formulate articulate and meaningful arguments in support of their "Motion to Suppress Fruits of Electronic Surveillance Obtained Pursuant to Tracking Order No. 04US00096-P, and Request for an Evidentiary Hearing." According to Defendants, their ability to fully formulate and present arguments to the Court regarding the Applications and

Affidavits submitted to obtain the authority to intercept wire communications is severely handicapped by the redactions. In addition, Defendants say the Government's "extraordinary and unprecedented" desire to keep information secret deprives them of due process, the effective assistance of counsel, and the right to a fair trial.

The Government says the redactions: (1) pertain only to the identities and identifying information of unindicted drug traffickers; (2) do not involve individuals who participated in the murder-for-hire conspiracy, which is the subject of Defendants' Indictment; and (3) do not diminish Defendants' ability to challenge whether the wiretap authorizations were supported by probable cause and investigative necessity. The Government relies on *United States v. Yoshimura*, 831 F.Supp. 799 (D.Hawaii 1993) to support its argument that the information may remain redacted.

In *Yoshimura*, the Government provided defendant redacted copies of four affidavits filed in support of its applications for electronic surveillance. The redactions concerned either: (1) the identity of the undercover FBI agent; (2) the telephone number and location of the targeted telephone; or (3) the identities of unindicted individuals who were not connected with defendant's charges. According to the Government, if the redacted portions were released, the ongoing investigation would be jeopardized, and the safety of the undercover FBI agents would be threatened. *Yoshimura*, 831 F.Supp. at 802. Defendant sought disclosure of the redacted portions. *Id.* at 800.

The court concluded that the Government could keep the redacted information secret because: (1) the Government did not intend to rely upon the redacted excerpts in defending probable cause for the electronic surveillance orders; (2) the redacted information would not help the Government establish probable cause for the wiretap

authorizations; (3) the redacted information was not material to the defense or helpful to defense efforts; (4) there was no indication that disclosure or non-disclosure of the redacted information would affect the outcome of defendant's trial; (5) defendant's right to due process was not compromised by non-disclosure; and (6) disclosure would likely compromise the Government's efforts to investigate organized crime. *Id.* at 806.

In reaching its conclusions, the court reviewed 18 U.S.C. §§ 2518(8)(b) and 2518(9). Under §2518(8)(b):

> Applications made and orders granted under this chapter shall be sealed by the judge. Custody of the applications and orders shall be wherever the judge directs. Such applications and orders shall be disclosed only upon a showing of good cause before a judge of competent jurisdiction and shall not be destroyed except on order of the issuing or denying judge, and in any event shall be kept for ten years.

Hence, anyone seeking disclosure under §2518(8)(b) has the burden to prove good cause exists for disclosure.

No such "good cause" language is part of §2518(9):

> The contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved.

Nonetheless, according to the *Yoshimura* court, a party's request for a copy of the court order and accompanying application under §2518(9) is subject to the showing of "good cause" required by §2518(8)(b). *Id.* at 804 (citing *In re Applications of Kansas City Star*, 666 F.2d 1168, 1176 (8th Cir. 1981)).

The Court disagrees with *Yoshimura* that the "good cause" requirement of

5

§2518(8)(b) is imported into §2518(9).

18 U.S.C. §2518(8)(b) and its "good cause" requirement has application broader than just to parties. A judge cannot disclose applications and orders to a broader population, if there is no good cause to do so.

In contrast, 18 U.S.C. §2518(9) applies specifically to parties. When the Government intends to use the contents of intercepted wire, oral, or electronic communication at trial, parties must receive a copy of the court order and accompanying application under which the interception was authorized or approved. There is no "good cause" requirement. *See United States v. Arreguin*, 277 F.Supp.2d 1057, 1061-62 (E.D.Cal. 2003) ("Worded as an unqualified requirement, it appears that § 2518(9) represents a judgment by Congress that the good cause requirement is satisfied where the government plans to use evidence derived from a wiretap").

The Government intends to use the intercepted wire communications at Defendants' trial. *See* Government's Response, ¶11 (agreeing with Defendants that the outcome of their motion to suppress the fruits of electronic surveillance could determine whether the Government has enough evidence to go to trial). Accordingly, Defendants are entitled to unredacted copies of the three affidavits.

Defendants are not entitled to information pertaining to informants. *See United States v. Freeman*, 2008 WL 879966 at *2-3 (E.D.Pa. March 31, 2008) (allowing the Government to redact information from a wiretap application that is protected by the informer's privilege). However, the Government represents that none of the redacted information identifies informants in any way.

Pursuant to 18 U.S.C. §2518(9), the Government must provide Defendants

unredacted copies of the November 4, 2005 Affidavit and the two affidavits authorizing the interception of telephone number 313-304-7959.

### B. Pen Register Information and Records

"A pen register is a device attached to a telephone line which records on paper tape the telephone numbers dialed from that line. It also records the number of rings on incoming calls, but not the calling numbers. It does not indicate whether outgoing or incoming calls are completed and does not record conversations." *United States v. Wac*, 498 F.2d 1227, 1230 n.a1 (6th Cir. 1974).

Defendants request: (1) copies of the Orders authorizing the pen register surveillance of telephone number 313-215-5940; (2) the supporting documents (including affidavits) submitted by the Government to obtain such Orders; and (3) the records from the pen register surveillance (i.e., the list of telephone numbers recorded in the pen register from telephone number 313-215-5940).

Fed. R. Crim. P. 16(a)(1)(E) says:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial;
>
> or
>
> (iii) the item was obtained from or belongs to the defendant.

### 1. Copies of the Orders Authorizing the Pen Register Surveillance of Telephone Number 313-215-5940 and the

### Supporting Documents (Including Affidavits) Submitted by the Government for Such Orders

Defendants say they need copies of the Orders authorizing the pen register surveillance of telephone number 313-215-5940 and the supporting documents (including affidavits) submitted by the Government for such Orders because they are unable to formulate all objections of arguable merit to the November 4, 2005 Affidavit without that documentation. Defendants seem to argue that while the Order authorizing the pen register surveillance of telephone number 313-215-5940 was not signed until September 12, 2005, the surveillance illegally began on March 1, 2005.

The Government refuses to provide Defendants with that documentation based on *United States v. Chavez-Chavez*, 2008 WL 1847229 (S.D.Cal. April 22, 2008). In *Chavez-Chavez*, the defendants asked the court to compel the Government to provide the applications, affidavits, and orders for the pen registers relied upon in the wiretap applications. *Chavez-Chavez*, 2008 WL 1847229 at *3. Defendants contended that the applications and orders in support of the pen registers must be produced so they could: (1) determine whether the Government complied with the pen register statute, 18 U.S.C. §§ 3122 and 3123; and (2) attack the matter of necessity for the wire intercept orders. *Id.*

The court concluded that defendants did not make a showing of materiality to support the requested pen register discovery. In other words, defendants did not show that the pen register applications and orders would be helpful to the preparation of the defense. *Id.* at *4.

In reaching that conclusion, the court relied on *Smith v. Maryland*, 442 U.S. 735,

743-44 (1979) and *United States v. Forrester*, 512 F.3d 500 (9th Cir. 2008). *Smith* held that the use of a pen register does not constitute a search for Fourth Amendment purposes. *Forrester* held that evidence obtained in violation of the pen register statute need not be suppressed because there is no mention of suppression in the statutory text. *Id.*

The Court finds Defendants are not entitled to copies of the Orders authorizing the pen register surveillance or the supporting documents (including affidavits) submitted by the Government for such Orders. Contrary to Defendants' belief, the pen register surveillance was not initiated on telephone number 313-215-5940 until September 21, 2005. *See* November 4, 2005 Affidavit, p.22.

Further, Defendants have not shown how that documentation will assist them in preparing their defense.

> **2.     The Records from the Pen Register Surveillance (i.e., the List of Telephone Numbers Recorded in the Pen Register from Telephone Number 313-215-5940)**

Defendants say they need the records from the pen register surveillance (i.e., the list of telephone numbers recorded in the pen register from telephone number 313-215-5940) so they can: (1) determine how many times, if at all, their phone numbers appear connected to their co-Defendants; (2) supplement their motion to suppress the wiretap evidence; and (2) discover potential *Brady* material.

The Government relies on *United States v. Persico*, 447 F.Supp.2d 213 (E.D.N.Y. 2006) in support of its argument that Defendants are not entitled to the records from the pen register surveillance.

In *Persico,* defendants asked the court to compel the Government to produce,

*inter alia*, pen register information. The request was denied because the court found it was outside the ambit of Fed. R. Crim. P. 16 and based on conjecture. *Persico*, 447 F.Supp.2d at 217. According to the court, the mere claim that the pen register information is "material" is not sufficient; "There must be some indication that the pretrial disclosure of the [pen register information] would . . . enable [] the defendant significantly to alter the quantum of proof in his favor." *Id.* at 218 (quoting *United States v. Maniktala*, 934 F.2d 25, 28 (2nd Cir. 1991)).

Conversely, in *United States v. Birdman*, 1992 WL 203318 (E.D.Pa. Aug. 14, 1992), the court required the Government to provide defendant with the list of telephone numbers recorded in the pen register so he could ascertain the frequency with which his telephone number appears. *Birdman*, 1992 WL 203318 at *2; *see also United States v. Shakur*, 543 F.Supp. 1059, 1061 (S.D.N.Y. 1982) (requiring the Government to provide defendants the results of the pen register devices which will be offered in evidence). According to the *Birdman* court, such information is within the scope of discoverable material. *Birdman*, 1992 WL 203318 at *2 (citations omitted).

The Court follows *Birdman* and *Shakur*; Defendants are entitled to the records from the pen register surveillance of telephone number 313-215-5940. If the records show that Defendants' phone numbers are not connected to their co-Defendants as the Government claims, that information could help the defense attack the Affidavit submitted in support of the Application.

**IV.   CONCLUSION**

Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

Defendants' request for unredacted copies of the three affidavits is **GRANTED**. On or before **April 3, 2009**, the Government must provide defense counsel and the Court unredacted copies of the November 4, 2005 Affidavit and the two affidavits authorizing the interception of telephone number 313-304-7959, which were submitted to obtain tracking order no. 04US00096-P authorizing electronic wiretap surveillance of telephone number 313-215-5940. To alleviate the Government's concern that disclosure of the redacted portions may jeopardize their ongoing investigation, defense counsel may not provide the unredacted affidavits to Defendants.

Defendants' request for copies of the Orders authorizing the pen register surveillance of telephone number 313-215-5940 and the supporting documents (including affidavits) submitted by the Government for such Orders is **DENIED**.

Defendants' request for the records from the pen register surveillance (i.e., the list of telephone numbers recorded in the pen register from telephone number 313-215-5940) is **GRANTED**. The Government must provide defense counsel and the Court that evidence on or before **April 3, 2009**. Defense counsel may not provide that information to Defendants; it may contain phone numbers for confidential informants.

If necessary, Defendants may supplement their "Motion to Suppress Fruits of Electronic Surveillance Obtained Pursuant to Tracking Order No. 04 US00096-P, and Request for an Evidentiary Hearing" on or before **April 10, 2009**. The Government may respond on or before **April 15, 2009**. No reply is permitted.

The hearing on this motion set for April 30, 2009 is cancelled. *See* L.R. 7.1(e)(2).

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 31, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 31, 2009.

s/Carol A. Pinegar
Deputy Clerk

---